UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **VICTOR ELIAS PHOTOGRAPHY, LLC.,** An Oregon Limited Liability Company, | § § § | |
| **Plaintiff** | § § | |
| v. | § § | CA. No. _____ |
| **LEONARDO WORLDWIDE CORPORATION.,** A Canadian Corporation; **ICE PORTAL,** A Florida Corporation, | § § § § § | **JURY DEMANDED** |
| **Defendants** | § § | |

_____

**PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF
THE DIGITAL MILLENNIUM COPYRIGHT ACT**
_____

Victor Elias Photography LLC ("Elias") files this complaint against Leonardo Worldwide Corporation ("LWC"), and ICE PORTAL, INC. ("ICE") (collectively, "Defendants"):

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief against Defendants LWC and ICE for intentionally removing and/or altering copyright management information ("CMI") and/or providing and/or distributing CMI that is false in violation of the United States Copyright Act, 17 U.S.C. §§ 1202 *et seq*.

2. This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*., 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a)

(copyright) and pendent jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367. In addition, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity) because there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000 as alleged herein.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. §1400(a) in that the acts of infringement complained of herein occurred within this Judicial District, some injury suffered by Elias took place in this Judicial District, and the Defendants either may be found and/or transact business within this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of Texas.

4. Further, this Court has personal jurisdiction over Defendants. Amongst other things, Defendants have engaged in direct, contributory, vicarious, and/or otherwise induced copyright infringement in this judicial district. Further, on information and belief, Defendants have engaged in continuous and systematic business in the State of Texas and, upon information and belief, derive substantial revenues from commercial activities in Texas. Elias is informed and therefore believes and upon such, alleges that both LWC and ICE have also engaged in a multiplicity of acts directed toward Texas, including without limitation: soliciting and engaging in numerous commercial transactions with Texas users, operating highly interactive websites that permit Texas users to purchase hotel accommodations (including lodging which display the photographs that are the subject of this suit), publishing advertisements on many dozens of hotel websites geo-targeted to Texas users, and employing (advertising with)

materials from which the metadata has been removed -- including the photographs at issue in this case -- to openly encourage Texas users to visit such hotel reservation websites such as Travelocity, Hotels.com, and Expedia.com. As a result, there is a direct and substantial nexus between ELIAS's claims in this case and Defendants' transaction of business with their Texas users. Moreover, the websites serviced and operated by LWC and ICE lie at the most interactive end of the *Zippo* spectrum in terms of their overall design, use, and functionality.

## PARTIES

5. Plaintiff ELIAS is an Oregon limited liability company with a principal place of business in Lake Oswego, Oregon.

6. Upon information and belief, ELIAS alleges that Defendant LWC is a corporation existing under the laws of Canada with its headquarters located at 111 Peter Street, Suite 530, Toronto, Ontario, Canada M5V 2H1. Further, on information and belief, LWC maintains sales offices in the United States, in such places including Dallas, Texas, Chicago, Illinois, and Charlotte, North Carolina.

7. Upon information and belief, ELIAS alleges that ICE is a corporation existing under the laws of the State of Florida, with its headquarters located at 3595 Sheridan St. #200, Hollywood, FL 33021.

8. LWC and ICE are in the business of displaying travel photographs (specifically including hotel photographs) for online travel agencies located in Texas as well as across the entire United States. As set forth on LWC's website (http://www.leonardo.com/vnetwork/greater-houston/), and as shown on ICE's website

(https://web.iceportal.com/services/distribution-partners/), there are long lists of customers with headquarters throughout the United States, including in Houston, Texas.

## **FACTS**

**The Photos at Issue**

9. Victor Elias Photography, LLC is a photographic syndication company that specializes in hotel and resort images, and, specifically, holds the copyrights to the professional hotel and resort photographs of Victor Elias. Its library features some of the most recognizable and high-end images of resort properties in the entire world.

10. Victor Elias, owner and operator of ELIAS, is a renowned international photographer whose career has spanned over twenty five years. He is recognized as one of the world's leading resort photographers, and his services are in high demand. He has photographed hotels all over the world, including premier properties in Mexico, the Caribbean and the United States. Over the years, Mr. Elias has developed his own unique and unmistakable style, and his work has been featured in numerous travel magazines. Mr. Elias and his LLC are sought out by hoteliers so that they may create the most iconic, serene, and tantalizing elements of each property he shoots. Entrusted with the task of curating professional images, Mr. Elias continuously and emphatically delivers. Among other things, Mr. Elias has composed, authored, and captured more than 194 beautiful images of hotels and resorts (hereinafter, collectively the "Copyrighted Works"), which form the subject matter of this suit. The Copyrighted Works and the applicable certificates of registration are attached hereto as **Exhibits A**

and B, respectively**.  The copyrights in and to the 194 works at issue in this case were subsequently assigned to ELIAS, who brings the instant civil action. **See Exhibit C.**

11. For valuable consideration *per* licensee, Mr. Elias routinely grants limited licenses to hotels and other travel-related businesses throughout the world to make specific use of his works.

## Violations of the Digital Millenium Copyright Act ("DMCA")

12. LWC and ICE are media syndication companies that promote hotels through the use of photographs, videos, and other media for some of the largest online travel agencies throughout the world, including the United States, Canada, and the United Kingdom. Through their software platform and database of digital media, LWC and ICE provide travel websites with technology, sales conversion tools, and a global travel media network that enables them to better visually merchandise hotels to in-market travel-shoppers.

13. In the course of their marketing activities for their customers, LWC and ICE knowingly, intentionally, and willfully removed ELIAS' and/or Mr. Victor Elias' copyright management information, including but not limited to authorship and ownership information contained within the metadata and/or watermarks of the Copyrighted Works, and thereafter distributed the same, without authorization.

14. In so doing, LWC and ICE reproduced and/or distributed copies of, and publicly displayed ELIAS's Copyrighted Works, or derivative versions thereof, knowing that ELIAS' and/or Mr. Victor Elias' copyright management information had been removed without ELIAS' and/or Mr. Victor Elias' authorization knowing, or having reasonable

grounds to know, that it would induce, enable, facilitate, and/or conceal infringement of ELIAS's exclusive rights secured under 17 U.S.C. § 106.

15. Although they are sophisticated, international corporations dealing with the use, distribution, and/or otherwise handling, and/or otherwise of copyrighted content on a daily basis and for years (and despite LWC's having been sued by ELIAS in year 2014 for removing and replacing his CMI in the metadata of the photographs), Defendants have engaged in this willful, wanton, and brazen violations of the DMCA with respect to ELIAS's copyrighted photographs, and *are continuing* to regularly and egregiously infringe ELIAS's rights in its copyrighted photographs on an ongoing basis.

16. It appears that Defendants have collectively engaged in at least 194 instances of removing ELIAS' CMI within the metadata of his photographic works.

## CLAIM FOR RELIEF
### (Removal or Alteration of Copyright Management Information, 17 U.S.C. § 1202 *et seq.*, against LWC and ICE)

17. ELIAS incorporates here by reference the allegations in paragraphs 1 through 16 above.

18. Plaintiff included a metadata credit line and/or watermark to Victor Elias and/or Victor Elias Photography (a "Notice of Copyright Ownership") in all of its published photographs, including the works at issue in this suit. The inclusion of the Notice of Copyright Ownership in all of Plaintiff's published photographs, including its Copyrighted Works, constitutes "copyright management information" as defined under 17 U.S.C. § 1202(c).

19. Plaintiff is informed and believes, and on that basis alleges that Defendants knowingly, and without authority of ELIAS or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Plaintiff's copyright, removed and/or altered and/or caused or induced others to remove or alter Plaintiff's copyright management information by removing the Notice of Copyright Ownership from Plaintiff's Copyrighted Works and distributed the Copyrighted Works to the general public knowing that the notice had been removed without the authority of Plaintiff, in violation of 17 U.S.C. § 1202(b)(1) – (3).

20. Defendants' removal or alteration of copyright management information from the Copyrighted Works and subsequent distribution of the Copyrighted Works was and is willful and intentional, and was and is executed with full knowledge of Plaintiff's rights under copyright law, and in disregard of Plaintiff's rights. Plaintiff is entitled to recover its actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Plaintiff's election, statutory damages, pursuant to 17 U.S.C. § 1203(c) of up to $25,000 per act of removal and/or distribution, which upon information and belief, total more than 194.

21. Plaintiff is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

22. Defendants' violation of 17 U.S.C. § 1202(b)(1) – (3) have caused, and, unless restrained by this Court, will continue to cause, irreparable injury to ELIAS not fully compensable in monetary damages.  Pursuant to 17 U.S.C. § 1202(b)(1), Plaintiff is

entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

23. For a mandatory injunction of Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, ordering them to replace ELIAS' CMI in the metadata in all 194 images, and provide the proper credit line to any and all editorial publications that received such images;.

24. For disgorgement of all profits derived by Defendants attributable to their violations of 17 U.S.C. § 1203(c)(2) *et seq.*;

25. For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, from which ELIAS' copyright management information was removed or altered pursuant to 17 U.S.C. § 1203(c)(2);

26. For statutory damages for removal or alteration of copyright management information, as provided by 17 U.S.C. § 1203(c)(3);

27. For reimbursement of costs, including Lodestar attorneys' fees, as well as interest pursuant to 17 U.S.C. § 1203(b)(4); *and*

28. For any such other and further relief as the Court may deem just and appropriate.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AND TENDERS THE REQUISITE JURY FEE.

Date: June 25, 2018					**LEJUNE LAW FIRM**

						By:	/s/ **Dana A. LeJune**
							Dana A. LeJune
							Texas Bar No.: 12188250
							email: dlejune@triallawyers.net
							6525 Washington Avenue
							Suite 300
							Houston, Texas 77007
							Tel:  713.942.9898 Telephone
							Fax: 713.942.9899 Facsimile