## UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

VICTOR ELIAS PHOTOGRAPHY,
LLC, An Oregon Limited Liability
Company,

          Plaintiff,

   v.

MARRIOTT INTERNATIONAL,
INC., LEONARDO WORLDWIDE
CORPORATION, A Canadian
Corporation, ICE PORTAL, A Florida
Corporation, and JOHN DOE,

          Defendants.

C.A. NO. 4:18-cv-02142

JURY DEMANDED

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Dated:  November 19, 2018

David J. Wolfsohn (PA Bar No. 57974)
Attorney in Charge
DUANE MORRIS LLP
Email:  djwolfsohn@duanemorris.com
30 S. 17th Street
Philadelphia, PA 19103
Tel:   215-979-1000
Fax:   215-689-2739

*Attorneys for Defendants,
Marriott International, Inc., Leonardo
Worldwide Corporation and ICE
Portal*

## <u>TABLE OF CONTENTS</u>

I.    SUMMARY OF THE ARGUMENT .................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND ....................................4

III.    ARGUMENT ..........................................................................................6

    A.    This Case Should Be Dismissed Under Fed. R. Civ. P. 12(b)(2) .........6

        1.    The Court Lacks General Jurisdiction Over Defendants ............8

        2.    The Court Lacks Specific Jurisdiction Over Defendants .........14

        3.    The Exercise of Personal Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice..........19

IV.    CONCLUSION..............................................................................................20

# TABLE OF AUTHORITIES

**Federal Cases**

*Alpine View Co. Ltd. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) ..............................................................................10

*Aziz v. MMR Grp., Inc.*,
   2018 WL 3439637 (S.D. Tex. July 17, 2018) ......................................................8

*Barone v. Intercontinental Hotels Group, PLC*,
   2016 WL 2937502 (N.D. Cal. May 20, 2016)......................................................12

*Blank v. Tomorrow PCS, LLC*,
   2017 WL 4310675 (E.D. La. Sept. 28, 2017).......................................................19

*Bollinger Indus., L.P. v. May*,
   2003 WL 21281634 (N.D. Tex. May 29, 2003)...................................................14

*Brighter Sky Prods., LLC v. Marriott Int'l, Inc.*,
   2018 WL 2248601 (S.D.W. Va. May 16, 2018) .................................................11

*Bristol-Myers Squibb Co. v. Sup. Court of Cal., San Francisco Cty.*,
   137 S. Ct. 1773 (2017)...........................................................................................19

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)........................................................... 2, 3, 7, 14, 15, 17, 18

*Calder v. Jones*,
   465 U.S. 783 (1984).................................................................................................14

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)..................................................................2, 7, 8, 9, 10, 11

*DeGregorio v. Marriott Int'l, Inc.*,
   2017 WL 6367894  (E.D. Pa. Dec. 13, 2017)......................................................11

*Fidrych v. Marriott Int'l, Inc.*,
   No. 2:17-cv-2195-BHH (D.S.C. Aug. 3, 2018)...................................................11

*Fielding v. Hubert Burda Media, Inc.*,
   415 F.3d 419 (5th Cir. 2005) .....................................................................16, 19

*First Metro. Church of Houston v. Genesis Grp.*,
616 F. App'x 148 (5th Cir. 2015) ....................................................................13

*Freudensprung v. Offshore Tech. Servs., Inc.*,
379 F.3d 327 (5th Cir. 2004) .......................................................................1, 6

*Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*,
255 F. App'x 775 (5th Cir. 2007) ...............................................................7, 15

*Haskett v. Cont'l Land Res., LLC*,
2015 WL 1419731 (S.D. Tex. Mar. 27, 2015) ..............................................12

*Hoya Corp. v. Bottero*,
2014 WL 3736563 (E.D. Tex. July 28, 2014) ................................................20

*Johnston v. Multidata Sys. Int'l Corp.*,
523 F.3d 602 (5th Cir. 2008) .........................................................................7

*Lescano v. Marriott Int'l, Inc.*,
2017 WL 10299576 (M.D. Fla. Aug. 9, 2017)...............................................11

*Locke v. Ethicon Inc.*,
58 F. Supp. 3d 757 (S.D. Tex. 2014).........................................................8, 10

*Monkton Ins. Servs., Ltd. v. Ritter*,
768 F.3d 429 (5th Cir. 2014) .......................................................................9, 13

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865 (5th Cir. 2001) .......................................................................7, 15

*Perkins v. Benguet Consol. Mining Co.*,
342 U.S. 437 (1952).......................................................................................8

*Rainbow Travel Serv., Inc. v. Hilton Hotels Corp.*,
896 F.2d 1233 (10th Cir. 1990) ...................................................................10

*Sangha v. Navig8 ShipManagement Private Ltd.*,
882 F.3d 96 (5th Cir. 2018) .........................................................................19

*Tata Steel Int'l (N. Am.) Ltd. v. Eregli Demir Ve Celik Fabrikalari,
T.A.S.*,
2012 WL 13064403 (S.D. Tex. May 1, 2012)................................................20

*Transverse, LLC v. Info Directions, Inc.*,
    2013 WL 3146838 (W.D. Tex. June 17, 2013) ...................................................12

*Wenche Siemer v. Learjet Acquisition Corp.*,
    966 F.2d 179 (5th Cir. 1992) .........................................................................12

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
    952 F. Supp. 1119 (W.D. Pa. 1997)..................................................................13

**Federal Rules**

Fed. R. Civ. P. 12(b)(2)............................................................................6, 20

## I.    SUMMARY OF THE ARGUMENT

This is the second attempt by Plaintiff Victor Elias Photography, LLC ("ELIAS") to invoke this Court's jurisdiction over an action with no connection whatsoever with this forum.  This case involves claims brought by a nonresident plaintiff against nonresident defendants regarding photographs taken by a nonresident photographer of hotels located outside of the United States.  ELIAS is allegedly a holding company for the purported copyrights of photographer Victor Elias, who claims to specialize in taking photographs of hotel and resort properties around the world.  ELIAS claims that defendants Marriott International, Inc., Leonardo Worldwide Corporation, ICE Portal (collectively, "Defendants"), and an unidentified John Doe violated the Digital Millennium Copyright Act ("DMCA") by allegedly removing ELIAS's copyright management information ("CMI") from some or all of 220 photographs of hotels and resorts in Mexico, El Salvador, and Puerto Rico (the "Photographs"), and/or by distributing some or all of those photos without ELIAS's purported CMI.

ELIAS has the burden of pleading a *prima facie* case of personal jurisdiction, *see Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004), and it has failed to do so here.  Despite having the opportunity to address the defects described in Defendants' first motion to dismiss, ELIAS's

1

Amended Complaint fails to establish that this Court has personal jurisdiction over any of the Defendants.  Accordingly, this case must be dismissed.

Marriott, Leonardo, and ICE are foreign corporations headquartered outside of Texas and are therefore not "at home" in this forum or subject to this Court's general jurisdiction.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014).  Marriott is a Delaware corporation with its principal place of business in Maryland; Leonardo is a Canadian corporation with its headquarters in Canada; and ICE is a Florida corporation located in Florida.  Nor is this the rare "exceptional case" in which general jurisdiction over a corporate defendant is appropriate somewhere other than its place of incorporation or principal place of business.  *Id.* at 139 n.19.  Leonardo and ICE have no presence in and conduct no business in Texas.  As to Marriott, ELIAS's allegation that a tiny fraction of the more than 6,700 Marriott-branded hotels are located in Texas does not come close to the in-forum activity required for general jurisdiction.  *Id.* at 139 n.20.  Indeed, Marriott owns none of those hotels and its subsidiaries manage only a handful (Marriott, in fact, only manages one of those hotels).

Defendants are also not subject to this Court's specific jurisdiction because none of the Defendants has purposefully directed any activities at Texas such that it should anticipate being haled into Court here to litigate ELIAS's claims.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).  As in the original

complaint, ELIAS's Amended Complaint appears to suggest that Defendants are subject to specific jurisdiction in this Court because they allegedly own and/or operate websites that displayed the at-issue Photographs without ELIAS's CMI, from which Internet users can supposedly book hotel accommodations.  AC ¶ 5.

With respect to Leonardo and ICE, those allegations simply are not true. Leonardo and ICE do not operate travel reservation websites like Travelocity, Hotels.com, and Expedia.com ("Travel Agency Websites").  They conduct an entirely distinct line of business, and the contacts alleged by ELIAS do not apply to Leonardo and ICE.  Marriott similarly does not own or operate any Travel Agency Websites.  And, although Internet users can reserve hotel rooms directly through Marriott's websites, any interactions with Texas residents that may occur through Marriott's websites do not support specific jurisdiction in this case.  ELIAS alleges that all of the photographs displayed on *Marriott's* websites **contained ELIAS's purported CMI**.  AC ¶¶ 10, 22.  Because the photographs as displayed on Marriott's websites do not form the basis for ELIAS's claims, this dispute does not arise out of or relate to transactions on Marriott's websites—the key requirement for specific jurisdiction.  *Burger King*, 471 U.S. at 472.

ELIAS therefore fails to establish that Defendants have the requisite minimum contacts with this forum and this case must accordingly be dismissed.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

ELIAS filed its original complaint on June 25, 2018 asserting claims against

Leonardo and ICE for violations of the DMCA.  On October 15, 2018, Leonardo

and ICE filed a motion to dismiss, arguing that this Court lacks personal

jurisdiction over them and that the complaint failed to state a claim upon which

relief may be granted.  In response, ELIAS filed its Amended Complaint (Docket

No. 21, "AC"), adding Marriott and John Doe as defendants and alleging DMCA

violations as to an additional twenty-six (26) photographs.

Victor Elias is a photographer of hotel and resort properties.  AC ¶ 13.  Elias

is a citizen of Mexico domiciled in either Oregon or California.  *See id.* at Ex. B

(listing Elias as citizen of Mexico with addresses in Oregon and California).  Mr.

Elias's body of work includes 220 photographs of hotels and resorts located in

Mexico, El Salvador, and Puerto Rico.  *See id.* ¶ 13 & Ex. A.  ELIAS, an Oregon

limited liability company with a principal place of business in Lake Oswego,

Oregon, is the assignee of Mr. Elias's copyrights to the 220 photographs.  *Id.* ¶¶ 6,

12-13 & Ex. C.  ELIAS alleges that it granted licenses to Marriott to use the

Photographs on Marriott's websites as well as on Travel Agency Websites.  *Id.*

¶ 18.  ELIAS claims that Marriott and/or Doe removed ELIAS's CMI from the

---

[1] Defendants assume for the purposes of this motion that the allegations are true, but Defendants
do not concede the truth of any of ELIAS's allegations.

Photographs and that Marriott, Leonardo, and/or ICE then distributed the Photographs without the CMI. *Id.* ¶¶ 18-19, 21, 23-45, 29-31.

Leonardo is a Canadian corporation with its principal place of business in Toronto, Ontario. AC ¶ 8; Declaration of Kashif Malik (attached as Exhibit A) ¶¶ 2-3. ICE is a Florida corporation with its principal place of business in Hollywood, Florida. AC ¶ 9; Declaration of Henry Woodman (attached as Exhibit B) ¶¶ 2-3. Leonardo and ICE provide platforms for hotels and resorts to manage their visual media and to connect with online travel agencies, global distribution systems, and Internet search sites throughout the world. *See* Malik Decl. ¶ 9; Woodman Decl. ¶ 9. Their customers are primarily hotels and resorts. Malik Decl. ¶ 10; Woodman Decl. ¶ 10. Leonardo and ICE do not own or operate any websites from which Internet users can make hotel reservations. Malik Decl. ¶ 11; Woodman Decl. ¶ 11. Leonardo and ICE do not conduct their regular business activities in Texas and neither of them has any offices, property, employees, or bank accounts in Texas. Malik Decl. ¶¶ 4-5; Woodman Decl. ¶¶ 4-5.

Marriott is a Delaware Corporation with its principal place of business in Bethesda, Maryland. AC ¶ 7; Declaration of Bancroft S. Gordon (attached as Exhibit C) ¶¶ 2-3. Marriott and its subsidiaries or affiliates currently operate, franchise, or license more than 6,700 properties worldwide in 130 countries and territories. *Id.* ¶ 4. Marriott's business is focused on managing, franchising, and/or

licensing hotels owned by third-party owners, so Marriott owns very few lodging properties. *Id.* Marriott and its subsidiaries or affiliates own or lease only fifteen hotels worldwide. *Id.* There are 487 properties in Texas operating under the "Marriott" brand—none of which are owned by Marriott. *Id.* ¶ 5. The majority of those hotels (390) are owned and operated by third parties under franchise agreements with Marriott. *Id.* ¶ 6. Most of the remaining properties (95) are owned by third parties and operate under franchise or management agreements with subsidiaries or affiliates of Marriott. *Id.* ¶ 9. One hotel in Texas, which is owned by a third party, is managed under a management agreement with Marriott. *Id.* ¶ 7. One hotel in Texas is owned by a third party and leased by a subsidiary of Marriott's. *Id.* ¶ 8.

## III.    ARGUMENT

### A.    This Case Should Be Dismissed Under Fed. R. Civ. P. 12(b)(2)

Defendants are not subject to this Court's personal jurisdiction, and the claims against them should accordingly be dismissed under Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing the district court's jurisdiction. *Freudensprung*, 379 F.3d at 343. In deciding a 12(b)(2) motion to dismiss, while the court must accept uncontroverted allegations as true, the court may also consider evidence outside of the complaint. *Id.* Moreover, the Court is not required to credit conclusory allegations, even if they are uncontroverted.

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). Similarly, generalized allegations against the defendants as a collective are insufficient to establish jurisdiction. *See Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 793 (5th Cir. 2007).

Because the Texas long-arm statute extends to the limits of federal due process, the Court's sole inquiry is whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Under the Due Process Clause, personal jurisdiction exists when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the state and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." *Id.*

Minimum contacts may be established through either general or specific jurisdiction. *Id.* General jurisdiction over a nonresident corporation exists when "that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler*, 571 U.S. at 139 (quotation marks and citation omitted). Specific jurisdiction exists when a corporation "'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Panda Brandywine Corp.*, 253 F.3d at 868 (quoting *Burger King*, 471 U.S. at 472).

7

### 1.    The Court Lacks General Jurisdiction Over Defendants

Unlike specific jurisdiction, which encompasses claims that arise out of or relate to the corporation's in-state activities, general jurisdiction arises in "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit . . . on causes of action arising from dealings entirely distinct from those activities." *Daimler*, 571 U.S. at 127, 138.  For a corporation, the place of incorporation and principal place of business are the paradigm bases for general jurisdiction.  *Id.* at 137.  Other than those two bases, general jurisdiction over a nonresident corporation may be exercised only in an "exceptional case."  *Id.* at 139 n.19; *see also Aziz v. MMR Grp., Inc.*, 2018 WL 3439637, at *3-4 (S.D. Tex. July 17, 2018). [2]  "A corporation is *not* 'at home' in 'every state in which it 'engages in a substantial, continuous, and systematic course of business.'"  *Locke v. Ethicon Inc.*, 58 F. Supp. 3d 757, 762 (S.D. Tex. 2014) (quoting *Daimler*, 571 U.S. at 137-38).  "'Otherwise, "at home" would be synonymous with "doing business" tests' implicating the exercise of specific jurisdiction."  *Id.* (quoting *Daimler*, 571 U.S. at 139 n.20).  "It is, therefore, incredibly difficult to establish jurisdiction in a forum other than the place of

---

[2] The Supreme Court has found a sufficient basis for the exercise of general jurisdiction over a non-resident defendant in only one modern case—*Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952).  In *Perkins*, during World War II, the defendant, a Philippine corporation, temporarily moved its main office and conducted its core business operations from Ohio.

incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

Defendants are not subject to general jurisdiction in this Court because none of them is "at home" in Texas.  As ELIAS admits, none of the Defendants is incorporated in or has its principal place of business in Texas.  AC ¶¶ 7-9; *see also* Gordon Decl. ¶¶ 2-3; Malik Decl. ¶¶ 2-3; Woodman Decl. ¶¶ 2-3.  And ELIAS has not pleaded the very narrow "exceptional case" in which a defendant's operations in the forum are "so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19.

As to Marriott, ELIAS incorrectly alleges that Marriott actively performs business in and employs individuals in Texas, and, "out of 6,500 properties in 130 countries and territories around the world," Marriott "owns, operates, supervises, controls, and/or franchises" 32 hotels in Texas.  AC ¶ 4.  In fact, while there are over 6,700 hotels in more than 130 countries operating under brands owned by Marriott, Marriott owns very few properties and does not own *any* hotels in Texas. Gordon Decl. ¶¶ 4-5.  The vast majority (427) of the Marriott-branded hotels in Texas are owned by third parties and license the Marriott brand name pursuant to franchise agreements with Marriott or its subsidiaries and affiliates. *Id.* ¶¶ 5, 9.  A small number are owned by third parties and managed under management

9

agreements with Marriott (1) or its subsidiaries or affiliates (58).  *Id.* ¶¶ 7, 9.  One hotel is owned by a third party and leased by a Marriott subsidiary.  *Id.* ¶ 8.

The fact that Marriott and its subsidiaries have franchise or management agreements with third-party-owned hotels located in Texas does not render Marriott subject to general jurisdiction in Texas.  *See, e.g.*, *Rainbow Travel Serv., Inc. v. Hilton Hotels Corp.*, 896 F.2d 1233, 1238 n.1 (10th Cir. 1990) (no general jurisdiction over Hilton based on conduct of in-forum Hilton franchisors); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 218 (5th Cir. 2000) ("[A] foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there.").  Even if the conduct of all Marriott-branded hotels could be attributed to Marriott, general jurisdiction would not exist.  The fact that a defendant conducts *some* business in the forum, even if substantial, continuous, and systematic, does not necessarily render it subject to general jurisdiction there.  *Locke*, 58 F. Supp. 3d at 762.  Instead, in-forum contacts must be so significant *when judged against the corporation's national and global activities* that the defendant is "at home" in the forum.  *Daimler*, 571 U.S. at 139 n.20.  That comparison is necessary because "[a] corporation that operates in many places can scarcely be deemed at home in all of them."  *Id.*  To that end, all 486 Marriott-branded hotels in Texas—none of which are owned by Marriott and only one of which is managed by Marriott—together make up only 7 percent of the

6,700 Marriott-branded hotels worldwide.  That falls far short of meeting *Daimler*'s test for general jurisdiction.  If Marriott were subject to general jurisdiction on that basis, it would be subject to general jurisdiction in every state and all over the world.  That consequence is exactly what the Supreme Court held in *Daimler* would be "unacceptably grasping."  *Daimler*, 571 U.S. at 138.

Indeed, other courts have rejected the argument that a company's operation of hotels in the forum renders the company subject to general jurisdiction there. For example, in *DeGregorio v. Marriott Int'l, Inc.*, the court held that, even accepting as true the plaintiff's "allegations of Defendant Marriott's ownership and operation of hundreds of hotels in Pennsylvania," those allegations "fall short of showing that Defendant Marriott is 'essentially at home' in Pennsylvania."  2017 WL 6367894, at *5 (E.D. Pa. Dec. 13, 2017).  In another case, *Brighter Sky Prods., LLC v. Marriott Int'l, Inc.*, the court rejected the argument that Marriott was subject to general jurisdiction in West Virginia because it "employs individuals, maintains an agent for service of process, and conducts inspection of hotels" in that forum because "an appraisal of [Marriott's] activities nationwide fails to render these business maneuvers adequate to show that Marriott International undertakes its key business decisions or supervises company activity" in West Virginia.  2018 WL 2248601, at *4-5 (S.D.W. Va. May 16, 2018); *see also Lescano v. Marriott Int'l, Inc.*, 2017 WL 10299576, at *3 (M.D. Fla. Aug. 9, 2017); *Fidrych v. Marriott*

*Int'l, Inc.*, No. 2:17-cv-2195-BHH (D.S.C. Aug. 3, 2018) (Dkt. No. 39) (attached as Exhibit D).  Similarly, in *Barone v. Intercontinental Hotels Group, PLC*, the court held that Intercontinental was not subject to general jurisdiction in California because "the entire western hemisphere accounted for only slightly more than half of [Intercontinental's] global revenue in 2015."  2016 WL 2937502, at *8 (N.D. Cal. May 20, 2016).  ELIAS's allegation that Marriott operates hotels in Texas similarly fails to establish general jurisdiction.

Moreover, ELIAS's allegation that Marriott "maintains an agent for service of process in Texas" does nothing more for the jurisdictional analysis.  "Courts have consistently held that the appointment of an agent of process does not suffice to allow for the exercise of general jurisdiction." *Transverse, LLC v. Info Directions, Inc.*, 2013 WL 3146838, at *5 (W.D. Tex. June 17, 2013) (citing *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992)). Nor does the allegation that Marriott employs individuals in Texas support the exercise of general jurisdiction.  *See Haskett v. Cont'l Land Res., LLC*, 2015 WL 1419731, at *6 (S.D. Tex. Mar. 27, 2015), *aff'd in part, vacated in part on other grounds*, 668 F. App'x 133 (5th Cir. 2016).

To the extent ELIAS suggests that general jurisdiction over Marriott exists because Marriott operates websites that are accessible in Texas, that argument is likewise unavailing.  As explained by the Fifth Circuit, even the most interactive

website under the sliding scale articulated in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997), does not satisfy the general jurisdiction standard because that test "is not well adapted to the general jurisdiction inquiry." *Monkton*, 768 F.3d at 432; *see also First Metro. Church of Houston v. Genesis Grp.*, 616 F. App'x 148 (5th Cir. 2015). Defendants' websites, therefore, have no relevance to the general jurisdiction analysis.

ELIAS offers even less in support of general jurisdiction over Leonardo and ICE. The Amended Complaint contains no facts to support the conclusory assertion that Leonardo and ICE "may be found and/or transact business within this Judicial District," and no such facts exist. Leonardo and ICE do not conduct their regular business activities in Texas and they do not have any offices, property, employees, or bank accounts in Texas.[3] Malik Decl. ¶¶ 4-5; Woodman Decl. ¶¶ 4-5. In short, ELIAS has not made any allegations that would support the conclusion that Leonardo or ICE is "at home" in Texas, and they are therefore not subject to this Court's general jurisdiction.

In the Amended Complaint, ELIAS further alleges that "[Leonardo] and ICE, and DOE are all agents of Marriott." AC ¶ 5. If that allegation is meant to suggest that this Court has general jurisdiction over Leonardo and ICE because

---

[3] The Amended Complaint alleges that Leonardo maintains sales offices in Dallas, Texas. AC ¶ 8. Leonardo does not, in fact, maintain any sales offices in Texas. Malik Decl. ¶ 5. Even if it did, one sales office does not render a corporation "at home" in a jurisdiction.

13

they are agents of Marriott, it must be rejected.  Even if Marriott were subject to

general jurisdiction in Texas, Marriott's contacts (as the alleged "principal")

cannot be imputed to Leonardo and ICE (as the alleged "agents") for the purposes

of personal jurisdiction.  Although an *agent's contacts* can be, under some

circumstances, attributed *to the principal*, the converse is not true.  *See Calder v.*

*Jones*, 465 U.S. 783, 790 (1984) ("Petitioners are correct that their contacts with

California are not to be judged according to their employer's activities there.");

*Bollinger Indus., L.P. v. May*, 2003 WL 21281634, at *2 (N.D. Tex. May 29, 2003)

(principal's contacts may not be imputed to agent).

Accordingly, none of the facts alleged in the Amended Complaint are

sufficient for this Court to exercise general jurisdiction over Defendants.

### 2.    The Court Lacks Specific Jurisdiction Over Defendants

The alleged contacts of Defendants also do not support specific jurisdiction

under the Due Process Clause.  Specific personal jurisdiction is appropriate where:

(1) the defendant has purposefully directed its activities at the forum state and (2)

the alleged injury arises out of the defendant's forum-related activities.  *Burger*

*King*, 471 U.S. at 472.  The purposeful availment requirement ensures that

jurisdiction is not based on random, fortuitous, or attenuated contacts, but on

contacts that demonstrate a real relationship with the state with respect to the

transaction at issue.  *Id.* at 475.  Indeed, the defendant's conduct and connection

with the forum state must be substantial enough to make it reasonable for the defendant to anticipate that it could be haled into court in that state.  *Id.* at 474.

Here, ELIAS fails to allege facts showing that any Defendant purposefully directed its activities at Texas or that ELIAS's injuries arise out of or relate to any of the contacts alleged.  The Amended Complaint generally avers that Defendants "have also engaged in a multiplicity of acts directed toward Texas" such as "soliciting and engaging in numerous commercial transactions with Texas users, operating highly interactive websites that permit Texas users to purchase hotel accommodations . . . , publishing advertisements on many dozens of hotel websites geo-targeted to Texas users, and employing (advertising with) materials from which the metadata has been removed . . . to openly encourage Texas users to visit such hotel reservation websites such as Travelocity, Hotels.com, and Expedia.com," AC ¶ 5, and that "L[eonardo] and ICE are in the business of displaying travel photographs (specifically including hotel photographs) for online travel agencies located in Texas as well as across the entire United States," *id.* ¶ 11.  ELIAS further alleges that Leonardo and ICE have customers "with headquarters throughout the United States, including in Houston, Texas."  *Id.* ¶ 11.

These generalized allegations, which largely fail to differentiate between Marriott, Leonardo, and ICE, lack the specificity required to establish jurisdiction, *see Panda Brandywine Corp.*, 253 F.3d at 869; *Gen. Retail Servs., Inc.*, 255 F.

App'x at 793, or even to justify jurisdictional discovery, *see Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).  For that reason alone, ELIAS's claims should be dismissed.  But even crediting these unsupported statements, ELIAS fails to establish a *prima facie* case of specific jurisdiction.

ELIAS conflates Defendants with online Travel Agency Websites.  *See* AC ¶ 5.  As to Leonardo and ICE, ELIAS's allegations are flatly incorrect, despite having the opportunity to amend its complaint.  Neither defendant owns or operates any travel reservation website from which Internet users book hotel reservations.  Malik Decl. ¶ 11; Woodman Decl. ¶ 11.  Leonardo and ICE operate an entirely distinct line of business; they each provide a platform for hotels and resorts to manage their visual media and to connect with online travel agencies, global distribution systems, and Internet search sites throughout the world.  Malik Decl. ¶ 9; Woodman Decl. ¶ 9.  The customers that utilize Defendants' services are primarily hotels and resorts.  Malik Decl. ¶ 10; Woodman Decl. ¶ 10.

Neither of these defendants advertises its services on any hotel or online reservation websites.  Malik Decl. ¶ 12; Woodman Decl. ¶ 12.  Leonardo and ICE do not solicit or direct any marketing efforts or materials to Internet users who are seeking to book hotel reservations online in Texas or elsewhere.  Malik Decl. ¶ 14; Woodman Decl. ¶ 14.  Leonardo and ICE do not engage in any commercial transactions with Internet users—in or outside of Texas—seeking to book hotel

accommodations.  Malik Decl. ¶ 13; Woodman Decl. ¶ 13.  ELIAS's allegations regarding Defendants' contacts with Texas, therefore, are largely based on false assumptions and do not support the exercise of specific jurisdiction.

ELIAS's assertion that Leonardo and ICE's websites have "long lists of customers with headquarters throughout the United States, including in Houston, Texas," AC ¶ 11, also fails to establish specific jurisdiction.  In support of that allegation, the Amended Complaint includes a link to a page on ICE's website which advertises that it has connections to "50,000 travel suppliers worldwide," and a link to a page on Leonardo's website that references the Greater Houston Convention and Visitors Bureau.  AC ¶ 8.  But the fact that ICE has connections to travel suppliers across the globe does nothing to suggest that ICE has purposefully directed any activity to Texas.  And Leonardo's connection to the Greater Houston Convention and Visitors Bureau does not constitute "purposeful availment" such that Leonardo could anticipate being haled into Texas to litigate ELIAS's claims; ELIAS does not allege that the Greater Houston Convention and Visitors Bureau has anything to do with its claims.  *See Burger King*, 471 U.S. at 475 (jurisdiction must be based on a real relationship with the state with respect to the claims, rather than on "random, fortuitous, or attenuated contacts").

With respect to Marriott, ELIAS's jurisdictional allegations are similarly deficient.  Although Internet users can make hotel reservations directly through

Marriott websites, those websites cannot form the basis of specific jurisdiction in this case.  Even assuming commercial transactions that occur on Marriott's websites are sufficient contacts with Texas for specific jurisdiction, ELIAS's claims do not "arise out of or relate to" any commercial transactions that occur on Marriott's websites.  ELIAS's claims relate to Photographs from which ELIAS's purported CMI had allegedly been removed that were displayed on third-party Travel Agency Websites.  AC ¶ 22.  ELIAS alleges, however, that "all of the [Photographs] displayed on the [Marriott] Websites maintained ELIAS' CMI in the metadata of the images . . . ."  AC ¶ 22; *see also* AC ¶ 19 ("[A]ll of the [Photographs] as displayed on the individual [Marriott] Websites contained metadata embedded in their digital files, listing ELIAS' CMI.").  Therefore, any transactions that occurred on Marriott's websites do not relate to ELIAS's claims because none of those websites is alleged to have used or displayed the Photographs without ELIAS's CMI.  Because the dispute must arise out of or relate to the contacts alleged with the forum in order for specific jurisdiction to exist, *Burger King*, 471 U.S. at 472, any transactions with Texas users that occurred via Marriott's websites are irrelevant to the specific jurisdiction analysis.

ELIAS's Amended Complaint, therefore, is devoid of factual allegations demonstrating that this Court can exercise specific personal jurisdiction over either Marriott, Leonardo, or ICE with respect to ELIAS's claims.  Further, because

ELIAS fails to make even a preliminary showing of jurisdiction, jurisdictional discovery is not appropriate in this case.  *See Fielding*, 415 F.3d at 429.

### 3.    The Exercise of Personal Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice

Even if Defendants had minimum contacts with Texas, the exercise of jurisdiction would not comport with traditional notions of fair play and substantial justice.  "In determining whether the exercise of jurisdiction is fair and reasonable, the court must balance: (1) the burden on the nonresident defendant of having to defend itself in the forum, (2) the interests of the forum state in the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies."  *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018).  "Although all of these factors are relevant, the 'primary concern is the burden on the defendant' [which requires the court to consider] 'the practical problems resulting from litigating in the forum' [as well as] 'the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question.'"  *Blank v. Tomorrow PCS, LLC*, 2017 WL 4310675, at *3 (E.D. La. Sept. 28, 2017) (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017)).

Here, Defendants are all located outside of Texas.  Malik Decl. ¶¶ 2-5; Woodman Decl. ¶¶ 2-5; Goodman Decl. ¶¶ 2-3.  And, importantly, Defendants have no reason to anticipate being haled into Texas for a determination of a dispute with ELIAS, an Oregon company with its headquarters in Oregon.  AC ¶ 5.  The burden of litigating in Texas, therefore, would be significant.  *See Hoya Corp. v. Bottero*, 2014 WL 3736563, at *2 (E.D. Tex. July 28, 2014).

Further, Texas has no interest in adjudicating this particular dispute, which involves only nonresident parties.  Defendants have no significant connection with Texas and it is not apparent from the Amended Complaint that ELIAS has any meaningful connection with Texas either.  For example, the Photographs at issue have no apparent connection to Texas, being of hotels in Mexico and Central America.   Indeed, there is no connection at all that would justify litigation in this forum.  And, because ELIAS is not a Texas citizen, "its choice of forum is entitled to less deference." *Tata Steel Int'l, (N. Am.) Ltd. v. Eregli Demir Ve Celik Fabrikalari, T.A.S.*, 2012 WL 13064403, at *10 (S.D. Tex. May 1, 2012), *adopted*, 2012 WL 13064399 (S.D. Tex. July 10, 2012).

## IV.   CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.

Dated:  November 19, 2018

Respectfully submitted,

DUANE MORRIS LLP


/s/ David J. Wolfsohn
David J. Wolfsohn (PA Bar No. 57974)
Attorney in Charge
Email:  djwolfsohn@duanemorris.com
30 S. 17th Street
Philadelphia, PA 19103
Tel:   215-979-1000
Fax:  215-689-2739

*Attorneys for Defendants,*
*Marriott International, Inc., Leonardo*
*Worldwide Corporation and ICE*
*Portal*

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

VICTOR ELIAS PHOTOGRAPHY, LLC,
An Oregon Limited Liability Company,

               Plaintiff,

    v.

MARRIOTT INTERNATIONAL, INC.,
LEONARDO WORLDWIDE
CORPORATION, A Canadian
Corporation, ICE PORTAL, A Florida
Corporation, and JOHN DOE,

               Defendants.

C.A. NO. 4:18-cv-02142

JURY DEMANDED

## **PROPOSED ORDER**

Before this Court is Defendants' Motion to Dismiss Victor Elias

Photography, LLC's Amended Complaint.  Having considered the Motion and all

responses and argument of counsel, the Court GRANTS the Motion in its entirety.


                                   _____

                                   Honorable David Hittner
                                   United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Defendants hereby certifies that on November 19, 2018, true and correct copies of the foregoing Motion and Memorandum of Law were electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ David J. Wolfsohn
David J. Wolfsohn